Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1976 | **DATE** | April 21, 2011 |
| **CASE TITLE** | *First Chicago Bank and Trust v. Leibowitz* | | |

**DOCKET ENTRY TEXT:**

This bankruptcy appeal was recently transferred to this court from Judge Shadur. For the reasons set forth below, the bankruptcy court's January 27, 2011, order is AFFIRMED. The clerk is directed to terminate this case from the court's docket.

■ [ For further details see text below.]

## STATEMENT

In the 1993 movie *Groundhog Day*, Bill Murray starred as Phil Connors, a Pittsburgh television weatherman assigned against his wishes to cover the annual Groundhog Day event in Punxsutawney, Pennsylvania, the self-proclaimed "home of Groundhog Day and the world-famous Punxsutawney Phil!" *See* http://www.punxsutawney.com/ (last visited April 21, 2011); *see also* http://www.groundhog.org/ ("The Official Website of the Punxsutawney Groundhog Club") (last visited April 21, 2011). Phil Connors, to his dismay, found himself repeating Groundhog Day again, and again, and again.

The court empathizes with the predicament faced by Bill Murray's character, given that today it again confronts a straightforward bankruptcy jurisdictional issue. The reader may recall that the original petition filed in this case was signed by a non-attorney, but one day later, IFC Credit filed an amended petition through counsel. In this appeal, the appellant contends that the bankruptcy petition filed by a corporate debtor proceeding pro se is void ab initio regardless of what happens afterwards. The court previously rejected this precise argument. *See In Re IFC Credit Corporation*, Nos. 10 C 256, 10 C 719 & 10 C 749 (N.D. Ill. Mar. 31, 2010) (Manning, J.); *see also In Re IFC Credit Corporation*, No. 10 C 3492 (raising same issue but dismissed without prejudice pursuant to the parties' agreement) (Manning, J.).

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

The court has carefully considered the updated case law provided by the appellant. As with the arguments raised in the prior IFC Credit appeals, the appellant's focus on the moment an appeal is filed, and its insistence that subsequent events are irrelevant, is misguided. The court thus adopts its March 31, 2010, opinion in the first group of IFC cases before this court, which affirmed the bankruptcy court's order finding that the amendment to cure the signature defect was valid and constituted a new, proper petition that related back to the prior day when the original petition was filed. Accordingly, the bankruptcy court's January 27, 2011, order is AFFIRMED.